George T. Claybourne, Respondent, *v.* Guaranty Trust Company of New York, Defendant; John Lowry, Inc., Appellant; and Central Cement Finishing Co., Inc., Appellant-Respondent.

First Department, March 1, 1960

*Patrick E. Gibbons* of counsel (*James O. Denniston* with him on the brief; *Galli, Terhune, Gibbons & Mulvehill,* attorneys), for appellant.

*John Nielsen* of counsel (*John P. Smith,* attorney), for appellant-respondent.

*Benjamin H. Siff* of counsel (*Paul M. Asciutto,* attorney), for respondent.

MEMORANDUM BY THE COURT. Judgment in favor of plaintiff against defendants modified, on the law and on the facts, to the extent of dismissing the complaint against the subcontractor defendant Central Cement Finishing Co., Inc., and the judgment is otherwise affirmed, with costs in favor of plaintiff-respondent against defendant-appellant John Lowry, Inc., and with costs in favor of defendant-appellant Central Cement Finishing Co., Inc. against plaintiff-respondent. On this record it is undisputed that the subcontractor had completed its work at least four days before the accident and that its work had been accepted by the general contractor. Any obligation to guard the protruding rods then fell upon the general contractor since at the time the subcontractor left the work the cement had not yet hardened sufficiently and any bending of the rods at such time was not feasible. It was also undisputed that between the general contractor and the subcontractor the cement company's work required that it leave the rods protruding and upright. It was also undisputed that between them the time interval which would follow before further structure would be placed upon the concrete pad was entirely within the discretion and knowledge of the general contractor. Consequently, there was no evidence to show that the subcontractor was guilty of any fault.

McNally, J. (concurring in part and dissenting in part). I concur in the dismissal of the complaint against the subcontractor-defendant Central Cement Finishing Co., Inc. I dissent from the affirmance of the judgment against defendant-appellant John Lowry, Inc.

The complaint and the bill of particulars do not allege the presence of debris at the site of the occurrence or that debris caused the accident. In fact, the presence of debris as the cause of the accident was not asserted until proof thereof was adduced on the trial. The general allegation of the failure to provide a safe place to work, amplified by the specific allegation that said defendant permitted "the ends of protruding rods to be exposed", excludes any claim of negligence grounded on the presence of debris at the site of the occurrence. No motion was made to amend the complaint or the bill of particulars so as to allege such a condition; nor was there any motion made to conform the pleadings to the proof. The motion to strike out all the testimony as to debris, insofar as it was submitted in proof of negligence against John Lowry, Inc., should have been granted. If, as the majority suggests, John Lowry, Inc., was under a duty to guard the protruding rods, it is clear, on this record, that the trial court predicated liability against it solely on its failure to remove debris. The judgment against it should not, therefore, be permitted to stand.

The judgment as to defendant-appellant John Lowry, Inc., should be reversed and a new trial ordered.

Botein, P. J., Breitel, Rabin and Stevens, JJ., concur in Memorandum; McNally, J., dissents in part and concurs in part in opinion.

Judgment in favor of plaintiff against defendants modified, etc. [See 10 A D 2d 687.]